UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

MAKARIOS BROWN                                  CIVIL ACTION NO. 11-cv-0578

VERSUS                                          JUDGE FOOTE

WARDEN, LOUISIANA STATE                         MAGISTRATE JUDGE HORNSBY
PENITENTIARY

**REPORT AND RECOMMENDATION**

**Introduction**

Makarious Raymont Brown ("Petitioner") was charged in Caddo Parish with possession of Schedule II drugs (cocaine) with intent to distribute and possession of a firearm by a convicted felon. He waived a jury and, after a bench trial before Judge Scott Crichton, was convicted on both counts and adjudicated a multiple offender. He received the maximum enhanced sentences of 60 years for the cocaine conviction and 15 years for the felon in possession conviction.

The issues presented in this habeas petition relate to the convictions discussed above, but there were also two related proceedings. Petitioner was (1) convicted of illegal use of a weapon during a crime of violence and possession of a firearm by a convicted felon and (2) possession of a weapon while in possession of drugs and possession of a firearm by a convicted felon. The three sets of convictions stemmed from separate incidents. Petitioner

received the maximum sentence for each of the offenses, to be served consecutively, which amounted to 170 years.[1]

The convictions and sentences were affirmed on direct appeal. State v. Brown, 966 So.2d 727 (La. App. 2d Cir. 2007), writ denied, 978 So.2d 347 (La. 2008). Petitioner also filed a post-conviction application in state court. His federal petition includes a mix of claims presented on direct appeal and on post-conviction review.

**Sufficiency of the Evidence**

Petitioner argues that the evidence was insufficient to support his convictions for possession with intent to distribute and a felon in possession of a firearm. In evaluating the sufficiency of evidence to support a conviction "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 99 S.Ct. 2781, 2789 (1979). An identical argument was rejected by the state court on direct appeal.

Habeas corpus relief is available with respect to a claim that was adjudicated on the merits in the state court only if the adjudication (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States or (2) resulted in a decision that was based on an

---

[1] The two other sets of convictions are the subject of separate habeas petitions pending in this court as 11-cv-0577 and 11-cv-0579.

unreasonable determination of the facts in light of the evidence presented in the state court proceedings. 28 U.S.C. § 2254(d). Thus the state-court decision that rejected the sufficiency challenge is reviewed under a doubly deferential standard. It may not be overturned on federal habeas unless the decision was an objectively unreasonable application of the deferential Jackson standard. Parker v. Matthews,132 S.Ct. 2148, 2152 (2012).

A police officer testified that he was patrolling on Martin Luther King Drive in Shreveport, which he considered a high crime area known for drug activity, when he saw a Chevrolet Suburban repeatedly cross the double yellow lines. Two officers made a traffic stop. Petitioner did not have a driver's license or other photo identification. He provided a false name and false date of birth.

As Petitioner reached into the glove compartment for the vehicle registration, an officer saw a clear plastic bag that contained white powder and an open container of alcohol. He could also see, from outside the car, a clear plastic bag in the ashtray that appeared to contain marijuana. Petitioner was patted down, and almost $2,700 was recovered from his front left pocket. He admitted drinking, and he was arrested on suspicion of drunk driving.

The officer asked Petitioner if there was anything inside the vehicle such as weapons or drugs. Petitioner said he had borrowed the vehicle from his mother and did not know of anything inside it. During this time, Petitioner was crying and evasive in his answers. A police canine alerted on the vehicle for the presence of drugs, and the vehicle was searched. The officers discovered 19.75 grams of powder cocaine in the glove compartment, one gram

of marijuana in the ashtray, and a loaded Browning 9 mm pistol and digital scales beneath the driver's seat.

Petitioner admitted at the police station that he had given a false name, but he refused to give his real name. Another officer eventually recognized Petitioner, and his identity was confirmed with fingerprints.

A police department narcotics supervisor testified that mere drug users typically buy enough drugs to use in a short time. The amount found in the vehicle was enough for 195 dosage units, with a street value of approximately $1,950. The supervisor testified that drug dealers usually have in their possession items such as larger amounts of drugs that can be repackaged into smaller units, digital scales for measuring, a gun for protection, and large amounts of cash.

A trial judge, after hearing all the evidence, reviewed it in detail. He found, based on the proximity of the items to Petitioner, the absence of other persons in the car, and Petitioner's use of a false name and similar guilty behavior, that Petitioner was guilty beyond a reasonable doubt. Tr. 174-80. The state appellate court recited the Jackson standard, reviewed the evidence in detail, and found that the convictions must be upheld on appeal. State v. Brown, 966 So.2d at 738-44.

If one were deciding this case again at the trial court level, reasonable persons could perhaps differ on how the evidence should weighed and interpreted. This case is, however, well beyond that stage and subject to review only under the doubly deferential habeas

standard. First, a rational trier of fact could have found the essential elements of the crimes beyond a reasonable doubt. Petitioner demonstrated guilty knowledge by using a false identity. There was marijuana in plain view in the ashtray. He was not on trial for marijuana possession, but its open presence in the vehicle is evidence that Petitioner was not honestly unaware that he was carrying contraband. He also admitted he had been drinking, and an open bottle of alcohol was found in the glove compartment with the cocaine. The evidence gives no reason to believe that Petitioner was simply driving his mother's car with no knowledge of the gun, cocaine, and scales all located within his reach. Second, the appellate court carefully applied the Jackson standard to the evidence and upheld the verdict. It is possible that a person might disagree with that appellate holding, but it cannot be said that it was so wrong as to be an objectively unreasonable application of the Jackson standard. Habeas review must be denied on this claim.

**Motion to Suppress**

Defense counsel filed a motion to suppress the fruits of the traffic stop and search of the car. The hearing on the motion was combined with the merits at the bench trial. The judge heard extensive argument from counsel and gave detailed reasons for his denial of the motion. Tr. 156-68. Petitioner challenged that ruling on direct appeal, and the appellate court affirmed the lawfulness of the stop and search. State v. Brown, 966 So.2d at 746-48.

Petitioner argues in his habeas petition that the traffic stop and search violated the Fourth Amendment, but a federal habeas court is generally barred from reviewing Fourth

Amendment claims. Stone v. Powell, 96 S.Ct. 3037 (1976). In Stone, the Court held that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, a state prisoner may not be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 96 S.Ct. at 3037. To satisfy the "opportunity for full and fair litigation" requirement, the state need only provide the processes whereby a defendant can obtain full and fair litigation of a Fourth Amendment claim. Stone bars federal habeas consideration of that claim whether or not the defendant employs those available processes. Janecka v. Cockrell, 301 F.3d 316, 320 (5th Cir. 2002). Petitioner took full advantage of the procedures allowed by Louisiana to fully litigate his Fourth Amendment claim, so habeas review is not available.

**Excessive Sentence**

Petitioner argued on direct appeal that his maximum sentences, which combine for a total of 170 years, were excessive under Louisiana Constitution Art. I, Sec. 20. Tr. 979. He makes the same argument in his habeas petition, but federal habeas corpus relief does not lie for mere errors of state law. Estelle v. McGuire, 112 S.Ct. 475, 479-80 (1991). To the extent one might find that Petitioner has both exhausted and presented a federal constitutional claim, it lacks habeas merit.

The Court in Lockyer v. Andrade, 123 S.Ct. 1166 (2003) reviewed its decisions and rejected a habeas attack on two consecutive terms of 25 years to life for a third-strike conviction. The petitioner had a string of burglary, drug, and property-crime convictions,

capped by felony petty-theft after he stole approximately $150 worth of videotapes. The sentence did not permit habeas relief because it was not contrary to or an unreasonable application of a clearly established gross disproportionality principle set forth in Supreme Court holdings. The Court admitted that its precedents in the area were not clear, which makes it quite difficult to obtain habeas relief on an excessive or disproportionate sentence claim under the Section 2254(d) standard.

Petitioner's crimes were much more serious than those in Lockyer. His felon in possession charges stem from his prior conviction of armed robbery, for which he received a relatively light sentence of 7-1/2 years. Another of his convictions stemmed from twice firing a semi-automatic rifle in the direction of his brother-in-law, which was followed by a police chase and the destruction of a rental car. (Petitioner was later reported to have threatened that victim not to testify, making a gun to head sign, and the victim was killed by multiple gunshots shortly before trial. Tr. 139-40. ) The trial court had the benefit of a full knowledge of Petitioner's criminal history when he imposed 60 and 15 year sentences for the crimes at issue in this case. If the petitioner in Lockyer could not gain habeas relief for his serious sentences for mere property crimes, then Petitioner is certainly not entitled to relief on an excessive sentence claim.

**Signature on Ruling**

Petitioner's post-conviction application was assigned to Judge Michael Pitman. A written opinion (Tr. 1401-05) issued that denied all claims. The signature block on the

opinion was prepared for Judge Pitman but signed "Eugene W. Bryson, Jr. for" Judge Pitman.

Petitioner has not clearly labeled his complaint about this as a numbered issue, but his memoranda complained that Bryson was merely the judicial administrator for the Caddo Parish District Court so that the case should be remanded to require Judge Pitman to affix his own signature. This claim fails because "infirmities in State habeas proceedings do not constitute grounds for relief in federal court." Rudd v. Johnson, 256 F.3d 317, 319-20 (5th Cir. 2001); Drevino v. Johnson, 168 F.3d 173, 180 (5th Cir. 1999). In addition, the undersigned is aware that Bryson is a retired district judge who, even after serving as judicial administrator, sat as a pro tempore judge on occasion. This claim does not establish a constitutional violation that requires vacating the convictions.

**Ineffective Assistance of Counsel**

    **A. Introduction**

Attorney Bill Monroe represented Petitioner in the trial court proceedings. Petitioner argues that Monroe rendered ineffective assistance by not informing him of a plea offer, not filing a motion to quash the bill of information, not filing a motion to suppress, and other alleged shortcomings.

    **B. Burden on Petitioner**

To prevail on a claim of ineffective assistance of counsel, a petitioner must establish both that his counsel's performance fell below an objective standard of reasonableness and

that, had counsel performed reasonably, there is a reasonable probability that the result in his case would have been different. Strickland v. Washington, 104 S.Ct. 2052, 2064 (1984).

Petitioner's claim was adjudicated and denied on the merits by the state court, so 28 U.S.C. § 2254(d) directs that the question is not whether a federal court believes the state court's determination under the Strickland standard was incorrect but whether the determination was unreasonable, which is a substantially higher threshold. Schriro v. Landrigan, 127 S.Ct. 1933, 1939 ( 2007). The Strickland standard is a general standard, so a state court has even more latitude to reasonably determine that a defendant has not satisfied it. The federal court's review is thus "doubly deferential." Knowles v. Mirzayance,129 S.Ct. 1411, 1420 (2009).

"If this standard is difficult to meet, that is because it was meant to be." Harrington v. Richter, 131 S.Ct. 770, 786 (2011). Section 2254(d) "stops short of imposing a complete bar on federal court relitigation of claims already rejected in state proceedings" and reaches only "extreme malfunctions" in the state criminal justice system. Id. Thus, "even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." Id.

### C. Motion to Suppress

Petitioner argues that counsel was ineffective for not filing a motion to suppress evidence gathered during the traffic stop and search of the vehicle. The trial court denied this claim as inaccurate and without merit because counsel *did* file a motion to suppress that was discussed and ruled on at trial. Tr. 1403. Petitioner continued to press this argument at the

appellate level, and it was again rejected with the observation that a motion to suppress was filed. Tr. 1452. The Supreme Court of Louisiana denied writs without comment. Tr. 1564.

Petitioner inexplicably continues to claim that counsel was ineffective for not filing a motion to suppress. There is plainly a copy of the motion in the record. Tr. 94-97. It was specifically discussed at trial, and Petitioner has twice been told by state courts that the motion was filed. His persistence in asserting this meritless claim has done nothing but waste paper and contribute to the needless delay in processing his and other habeas petitions.

**D. Motion to Quash**

Petitioner was charged by bill of information with violating La. R.S. 40:967, which makes it unlawful to possess cocaine with intent to distribute. Subsection B sets forth the basic penalties, and Subsection F contains enhanced penalties for persons found to have possessed greater quantities. The bill that charged Petitioner asserted that he intentionally possessed cocaine with the intent to distribute it, but the bill did not specify a quantity of drug possessed. Petitioner argues that this was somehow fatal to the charge that should have been attacked with a motion to quash.

The trial court rejected this claim with the explanation that Petitioner was not subjected to any enhanced penalties under Subsection F. Tr. 1402-03. The appellate court agreed that there was no need for the charging instrument to list the quantity of cocaine in that setting. Tr. 1451-52.

Petitioner has not demonstrated that counsel rendered deficient performance in this regard. The state courts have declared that the bill was lawful, so it would not have been quashed even if challenged. The state court also noted that, even if there were some defect in the bill, there was no <u>Strickland</u> prejudice because the prosecutor could have immediately filed an amended bill to cure the issue. That is correct. A habeas petitioner is not prejudiced by failure to file a motion to quash that, if successful, would serve no purpose other than to delay trial. <u>Pickney v. Cain</u>, 337 F.3d 542, 545 (5th Cir. 2003).

**E. Plea Offer**

Petitioner retained a new attorney, John Cucci, during the multiple offender and sentencing stages of the case. At one appearance, Mr. Cucci stated that his client told him that former counsel told Petitioner on the Sunday before trial, "I have a 10-year offer for you. Do you want it?" Petitioner allegedly responded by asking, "Does this mean with good time or without good time, and is this for all the charges or just this one?" Cucci claimed that Petitioner did not get an answer then or on Monday morning when his bond was suddenly revoked (based on allegations of the suspicious murder of a key witness) and the bench trial started. Tr. 299.

Petitioner's post-conviction application quoted Cucci's remarks as the basis for a claim that his original attorney was ineffective for not communicating the plea offer. Tr. 1168. The State's response included an affidavit from Assistant District Attorney Lea Hall, Jr.,who prosecuted the case. He offered the following:

> The defendant, with counsel present, was offered a plea bargain on July 12, 2005 on docket #228307. The defendant, with counsel present, did not accept the offer. Therefore, the offer was withdrawn and the state proceeded with the prosecution. [Petitioner's] accusations are false and misleading.

Tr. 1398.

The trial court found that Petitioner had not provided enough substantiating facts to warrant an evidentiary hearing on the claim. Tr. 1402. The appellate court denied a writ application with the observation that Petitioner "has only provided this court with allegations, not facts, therefore, he has not met his burden of proof and this claim is denied."

Petitioner does not squarely complain that his counsel did not inform him of a plea offer. Rather, he complains that counsel did not answer all of his questions about the terms of the offer. The only supporting factual basis is the unsworn oral statement of a now disbarred attorney. And that statement was controverted by a sworn although conclusory affidavit from the prosecutor.

This matter could likely be resolved beyond doubt with the transcript of the July 12, 2005 appearance referred to by the prosecutor. The same transcript bears important evidence of the jury waiver, discussed below. When the trial court judge denied the postconviction application, he attached a note to the appellate court that the trial court could supplement the ruling later as it was "awaiting the transcript from July 12, 2005." Tr. 1403-04. There is, however, no indication that the transcript has been made a part of the state or federal record. The State does not cite to it in its memorandum. If it is in the record, the State would be well served to point to it. If it is not, the State should consider completing the state-court record

by filing the transcript during the objections period. That would likely put to rest any debate about the plea offer and jury waiver issues.

The state courts found that Petitioner had not provided an adequate factual basis and did not elect to hold a hearing to enlarge the record. Petitioner must now attempt to overcome the heavy burden of Section 2254(d) "on the record that was before the state court." Cullen v. Pinholster, 131 S.Ct. 1388 (2011). It is reversible error for a federal district court to hold a federal hearing to flesh out such a claim. Pape v. Thaler, 645 F.3d 281, 288 (5th Cir. 2011). There is only the thinnest factual basis, if any, in the state court record to substantiate a claim that counsel committed any act of incompetence in connection with his advice on and communication of the terms of the guilty plea. Based on that gossamer record, this court cannot say that the state court's rejection of this claim was an objectively unreasonable application of Strickland or any other clearly established Supreme Court holding.

**F. Waiver of Jury Trial**

One of Petitioner's claims is that the trial judge erred in not obtaining a knowing and intelligent waiver of Petitioner's right to a jury trial. Plaintiff includes this issue within his list of alleged acts of ineffective assistance of counsel, but it is plainly directed at the judge rather than counsel.

When the issue was raised in post conviction, the trial judge noted that minutes from July 12, 2005 reflect that Petitioner appeared with counsel and: "The accused waived his

right to a jury trial and elected to be tried by a judge." The judge attached a note to the appellate court that, if it needed additional information on the issue, the trial court could supplement the ruling later as it was "awaiting the transcript from July 12, 2005." Tr. 1403-04. The appellate court rejected the claim, noting that a Boykin-like colloquy is not necessary for a jury waiver. Tr. 1452.

The State, in response to the federal petition, cites those rulings but does not refer to the transcript that was allegedly being prepared. As noted above, the State would be well served to point to the transcript in the record or complete the state-court record by filing a copy of the transcript during the objections period. The court has seen Caddo Parish jury waivers in other cases, and they were usually accompanied by a careful colloquy.

For now, the issue must be decided with the incomplete record. The starting point is that an application for habeas corpus shall not be granted with respect to any claim that was adjudicated on the merits in state court unless that adjudication resulted in a decision that was contrary to, or involved an unreasonable application of, "clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The Supreme Court has recognized that persons charged with a felony in state courts have a right to a jury trial, but they also have the right to waive trial by jury. Generally, waiver of a constitutional right must be knowing and intelligent, and the court must indulge every reasonable presumption against waiver of fundamental constitutional rights.

The Fifth Circuit applied these principles in <u>Scott v. Cain</u>, 364 Fed. Appx. 850 (5th Cir. 2010) when the petitioner argued that his waiver was not knowing and intelligent because the trial judge did not hold a full colloquy to discuss the jury trial process. The trial judge did little more than tell the defendant he had a right to be tried before a judge or jury, so he should make his selection. The defendant elected a judge trial, and that was the extent of the discussion. The Fifth Circuit rejected the habeas claim because, among other reasons, the Supreme Court has not clearly established whether the lack of a full colloquy invalidates an otherwise voluntary waiver.

The minutes indicate that Petitioner engaged in some waiver discussion with the court, while represented by counsel. That was almost surely as much as received by the prisoner in <u>Scott</u>. Petitioner does not make an affirmative representation as to what was discussed at the hearing; he simply relies on the absence of the transcript. The minutes indicate a knowing and intelligent waiver made with the advice of counsel, and there is no contrary evidence. This claim, as was the one in <u>Scott</u>, should be denied. <u>See also</u> <u>Wilson v. Warden</u>, 2012 WL 3715447 (W.D. La. 2012) (rejecting a similar jury waiver claim, but with benefit of full Caddo Parish transcript) and <u>Hargrave v. Lege</u>, 2010 WL 1930594, **10-11 (W.D. La. 2010) (rejecting a similar jury waiver claim). Petitioner has not met his heavy burden under Section 2254(d) of showing that the state court's resolution of this issue was an objectively unreasonable application of Supreme Court precedent.

### G.  Appellate Counsel

Petitioner argues that appellate counsel rendered ineffective assistance because he did not request an error patent review.  The state trial court noted that this claim lacked merit because La. C. Cr. P. art. 920(2) states that the matters that "shall be considered on appeal" include errors patent that are not designated by the appellant's assignment of errors.  Tr. 1403.  The appellate court agreed that there "is no need to request an error patent review as appellate courts automatically review criminal cases for errors patent.  Tr. 1452.  Petitioner continues to waste time and paper by pressing this frivolous claim.  It lacks merit.

Accordingly,

**IT IS RECOMMENDED** that the petition for writ of habeas corpus relief be denied.

### Objections

Under the provisions of 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), parties aggrieved by this recommendation have fourteen (14) days from service of this report and recommendation to file specific, written objections with the Clerk of Court, unless an extension of time is granted under Fed. R. Civ. P. 6(b).  A party may respond to another party's objections within seven (7) days after being served with a copy thereof.  Counsel are directed to furnish a courtesy copy of any objections or responses to the District Judge at the time of filing.

A party's failure to file written objections to the proposed findings, conclusions and recommendation set forth above, within 14 days after being served with a copy, shall bar that

party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. See Douglass v. U.S.A.A., 79 F.3d 1415 (5th Cir. 1996) (en banc).

An appeal may not be taken to the court of appeals from a final order in a proceeding under 28 U.S.C. § 2254 unless a circuit justice, circuit judge, or district judge issues a certificate of appealability. 28 U.S.C. § 2253(c); F.R.A.P. 22(b). Rule 11 of the Rules Governing Section 2254 Proceedings for the U.S. District Courts requires the district court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. Section 2253(c)(2). A party may, within fourteen (14) days from the date of this Report and Recommendation, file a memorandum that sets forth arguments on whether a certificate of appealability should issue.

THUS DONE AND SIGNED in Shreveport, Louisiana, this 28th day of July, 2014.

_____
Mark L. Hornsby
U.S. Magistrate Judge